1

2

3

4                           UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    RENEE MICHELLE VOCK,                      Case No. 25-cv-08544-JSC

8              Plaintiff,

9         v.                                   **ORDER DISMISSING HABEAS
                                               PETITION WITHOUT PREJUDICE**
10   FBI,

11             Defendant.

12

13         Renee Michelle Vock, proceeding without an attorney, filed a petition for writ of habeas

14   corpus on court-provided form.  (Dkt. No. 1.)  While her petition identifies a conviction in

15   Siskiyou County Superior Court for child abuse, her petition also references that she graduated

16   diversion in 2023.  She also appears to be challenging the removal of her children.  (*See, e.g.*, Dkt.

17   No. 1 at 15 ("I am not allowed to protect my children by any means necessary").  And she makes

18   reference to "unconstitutional conditions of confinement."  (*Id.* at 16.)  In sum, it is unclear

19   whether she is challenging a conviction or something else entirely; indeed, it is unclear whether

20   she is currently incarcerated.  She in fact filed a prisoner application to proceed *in forma pauperis*

21   and a non-prisoner application to proceed *in forma pauperis*.  (Dkt. Nos. 3, 4.)

22          "A § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not

23   within the core of habeas corpus," which are claims that "necessarily challenge the validity or

24   duration of the underlying conviction or sentence." *Nettles v. Grounds*, 830 F.3d 922, 927, 929

25   (9th Cir. 2016) (en banc); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam)

26   ("Challenges to the validity of any confinement or to particulars affecting its duration are the

27   province of habeas corpus; requests for relief turning on circumstances of confinement may be

28   presented in a [42 U.S.C.] § 1983 [civil rights] action."). As currently written the petition does not

United States District Court
Northern District of California

1    appear to seek Ms. Vock's release from custody, so her claims do not lie at the "core of habeas

2    corpus." *See Nettles*, 830 F.3d at 927, 929 (holding that prisoner's claim which, if successful, will

3    not necessarily lead to immediate or speedier release from custody falls outside the "core of

4    habeas corpus" and must be pursued (if at all) in a civil rights action under 42 U.S.C. § 1983,

5    rather than in a habeas action). Therefore, Petitioner's claims must be brought in a civil rights

6    complaint.

7         If a habeas petition "is amenable to conversion" to a civil rights complaint "on its face,

8    meaning that it names the correct defendants and seeks the correct relief, the court may

9    recharacterize the petition so long as it warns the pro se litigant of the consequences of the

10   conversion and provides an opportunity for the litigant to withdraw or amend his or her

11   [petition]." *Id.* at 936 (internal quotation marks and citations omitted). In the instant petition,

12   however, Petitioner does not name the correct defendant.  She only names the FBI in the caption

13   of the petition, but the FBI does not seem to have anything to do with the conduct she complains

14   about. Also, the petition is very hard to follow and has over 400 pages of attachments.  So, it is not

15   "amenable to conversion" as a civil rights case. *See Nettles*, 830 F.3d at 836.

16        Accordingly, the petition is DISMISSED without prejudice.  If Ms. Vock is challenging a

17   conviction for which she is currently in custody or otherwise under sentence, then she may file

18   such challenge in a habeas corpus petition that names the correct defendant and is limited to her

19   challenge her conviction. It must also identify whether she is currently under a sentence.  If she is

20   also (or instead) making civil rights or other claims, those claims must be set forth in a complaint

21   separate from a habeas petition.

22        **IT IS SO ORDERED.**

23   Dated: October 14, 2025

25   _____
     JACQUELINE SCOTT CORLEY
26   United States District Judge

United States District Court
Northern District of California